UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC. | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | Civil Action No. ___4:17CV-00137-JHM___ |
| | ) | |
| CITY OF SEBREE, KENTUCKY | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |
| | ) | |

**VERIFIED COMPLAINT
FOR INJUNCTIVE RELIEF**

**\*\*\*\*\*\*\***

Comes the Plaintiff, CSX Transportation, Inc. (referred to herein as "CSXT"), by counsel, and files its Complaint against the Defendant, the City of Sebree, Kentucky, (the "City"). The Plaintiff alleges as follows:

**NATURE OF THE CASE**

1. This is a case in which the Defendant has threatened to seek enforcement, including by contempt order of the state courts, of an ordinance adopted in 1966 which purports to limit the authority of CSXT to raise the level of its railroad tracks at crossings located within the city. Specifically, on May 11, 1966, an ordinance was passed by the City Council of Sebree, Kentucky (the "Ordinance") which explicitly prohibited the Louisville and Nashville Railroad Company (CSXT's predecessor and referred to herein as "L&N") from making any change in grade at any of the street crossings in the City of Sebree without first obtaining the approval of the City Council of the City of Sebree. A copy of the Ordinance is attached hereto as Exhibit A.

2.     In 1978, L&N conducted some maintenance on tracks at the crossings at Jefferson and Webster Streets, and the City informed L&N that it would seek to enforce the Ordinance in the event L&N sought to alter the grades of crossings at Main Street and Dixon Street.  L&N instituted a lawsuit against the City in 1979 regarding the constitutionality of the Ordinance, and an Agreed Order of Dismissal was entered November 6, 1979 holding in relevant part that L&N would not raise the track at Dixon Street and would limit the raising of the track at Main Street, and declaring that the Agreed Order would be enforceable by the contempt power of the state court.  A copy of the 1979 Agreed Order is attached hereto as Exhibit B.

3.     In 1995, the United States Congress enacted the Interstate Commerce Commission Termination Act ("ICCTA"), which expressly preempted state laws regulating rail transportation.  49 U.S.C. § 10501(b) ("Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law").  In 1970 Congress enacted the Federal Rail Safety Act ("FRSA"), 49 U.S.C. § 20101, et. seq.  The FRSA was adopted for the express purpose of ensuring that all "laws, regulations, and orders" relating to railroad safety "shall be uniform to the extent practical."  49 U.S.C. § 2010(a).  The FRSA expressly preempts state laws relating to railroad safety once the secretary proscribes a regulation or issues an order "covering the subject matter of the state law requirement."  49 U.S.C. § 20106.

4.     CSXT now needs to conduct maintenance on its tracks located at crossings within the City, which maintenance will require raising the at-grade crossings approximately two to three inches in height.  CSXT has made application to the City for its

cooperation in beginning the required maintenance work, but the City has not approved CSXT's application. Furthermore, the City has informed CSXT that if it undertakes the required maintenance, the City will seek to enforce the 1966 Ordinance prohibiting any changes to the grade at CSXT's crossings and will seek to have CSXT held in contempt by the state court for violation of the 1979 Agreed Order.

5. Accordingly, the Plaintiff requests this Court grant injunctive relief in the form of an order prohibiting the City from enforcement of either the 1966 Ordinance or the 1979 Agreed Order.

## PARTIES

6. At all times relevant herein, Plaintiff CSXT is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 500 Water Street, Jacksonville, Duval County, Florida 32202.

7. CSXT is a railroad transportation company and provides rail-based transportation services across the Eastern United States.

8. CSXT owns or controls extensive real property holdings in and through the Commonwealth of Kentucky, including property located in the City of Sebree, Webster County, Kentucky which involves at-grade street crossings at issue in this matter (the "Railroad Property").

9. CSXT and its predecessor railroads have used the Railroad Property as an active railroad corridor engaged in interstate commerce.

10. The City of Sebree is a home rule class city located in Webster County, Kentucky, and prior to the 2015 amendment of the city classification system was a Class 5

city. The City's administrative authority is conducted through a mayor-council form of government.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a) because the parties are all citizens of different states and the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs. CSXT will experience increased costs and loss of efficiency if it is forced to alter its speed and manner of operations as its trains pass through the City on unmaintained track. Such amounts clearly exceed the jurisdictional requirements of this court.

12. This Court also has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1331 because the issues involved in this action arise under federal law, specifically the application of ICCTA and FRSA preemption.

13. Jurisdiction is proper over the City because it is located in Webster County, Kentucky.

14. Venue is proper in this district pursuant to 28 U.S.C. §1391 because a the events giving rise to CSXT's claims occurred within the Western District of Kentucky, and the property that is the subject of this action is situated in this judicial district.

## FACTUAL ALLEGATIONS

15. CSXT incorporates by reference each and every allegation set out above as if set out herein and in full.

16. CSXT's predecessor in interest, Louisville and Nashville Railroad Company, long operated its railroad on the Railroad Property in and through the City,

4

including across four at-grade crossings located within the City (located at Jefferson, Webster, Main, and Dixon Streets).

17.    In 1966, the City enacted the Ordinance, prohibiting the railroad from changing the grade of any street crossing without first obtaining the approval of the City Council.

18.    In 1978, the L&N conducted some repair work on its tracks that resulted in raising the grade of crossings at Jefferson and Webster streets in the City.

19.    The City thereafter notified the L&N that it would enforce the Ordinance.

20.    In response, L&N in 1979 instituted an action in the Webster County Circuit Court seeking to have the Ordinance declared invalid under state law.

21.    The 1979 action was dismissed pursuant to an Agreed Order entered November 6, 1979 directing, among other holdings, "(A) That the L&N Railroad will not raise the level of the tracks which cross Dixon Street in Sebree, Kentucky. (B) That the L&N Railroad will not raise the level of the Main Street track in Sebree, Kentucky, more than 0.4 feet…. [and] that the terms of this Agreement will be enforceable by the contempt powers of this Court should this Agreement fail to be complied with."

22.    In 1995, the U.S. Congress enacted ICCTA, which preempts state and local law which would have the effect of regulating railroad transportation.  In 1970 Congress enacted the Federal Rail Safety Act ("FRSA") which expressly preempts state laws relating to railroad safety once the secretary proscribes a regulation or issues an order "covering the subject matter of the state law requirement."  49 U.S.C. § 20106.

23.     In or about 2013, CSXT determined that maintenance of its tracks within the City was required, and that the proposed maintenance would require raising the tracks at the four at-grade crossings located in the City, increasing the height of the crossings by two to three inches.  CSXT began to undertake the maintenance work, and City police arrived on the scene and threated CSXT personnel with arrest.  CSXT at the time undertook only minimal alternative maintenance but was not able to conduct the proposed maintenance that would result in raising the tracks.

24.     In early 2017, CSXT determined that the maintenance which was earlier not undertaken can no longer be avoided, and for purposes of ensuring safe train operations through the City, CSXT must perform the maintenance that will result in raising the tracks a few inches.

25.     In early August, 2017, CSXT Roadmaster Wayne Roberts, Jr. was informed by City officials that raising the tracks was not allowed both under city ordinance and the prior lawsuit.  See Affidavit of CSXT Roadmaster Wayne Roberts Jr., attached hereto as Exhibit C.

26.     On or about August 23, 2017, representatives of CSXT met with City officials to discuss the required track maintenance, and the City directed CSXT to submit its proposal in writing.  At the meeting, City officials stated that they regarded the 1966 Ordinance as in effect and intended to enforce both it and the 1979 court order in the event CSXT should attempt to raise the tracks at the crossings without City approval.

27.     By letter dated August 29, 2017, the undersigned on behalf of CSXT submitted its written notice to the City to approve and work with CSXT with respect to the

maintenance and improvements of the crossings.  A copy of that letter is attached hereto as Exhibit D.  The letter requested that the City respond within seven days.

28.    On September 21, 2017, CSXT placed the City on notice of its intent to perform separate work at the Jefferson Street Crossing involving installation of a track panel that would not result in the raising of the grade of the crossing.  A copy of that letter is attached to the Complaint as Exhibit E.

29.    In response thereto, the City sent a letter to CSXT on September 27, 2017, advising that the City Council would discuss both CSXT proposals at a City Council meeting on October 2, 2017.  A copy of that letter is attached to the Complaint as Exhibit F.

30.    Representatives of CSXT attended the October 2, 2017 City Council meeting and fielded all questions posed by the City Council.  The City Council voted 6-0 to prohibit CSXT from performing any maintenance that would result in the grade of the crossings being raised and further voted to table the Jefferson Street proposal, which involves work not implicated by the 1966 Ordinance and 1979 Agreed Order.

31.    CSXT's Railroad Property is used as an active railroad corridor and serves as an essential part of the network of rail lines through which CSXT conducts its interstate commercial operations as a common carrier nationally and through Sebree, Kentucky specifically.

32.    To ensure the safety of the public and for the safety and integrity of CSXT's federally regulated railroad operations, CSXT requires that maintenance be undertaken on its tracks on the Railroad Property, including at each of the at-grade crossings located within the City, which will result in raising the tracks through the crossings by a few inches.

7

## COUNT I
### TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

33.     CSXT incorporates by reference each and every allegation set out above as if set out herein and in full.

34.     CSXT owns or controls the Railroad Property.

35.     The City has no right or interest in the Railroad Property by agreement or otherwise.  The City's sole interest in the Railroad Property is with respect to the permitted use of the at-grade crossings by the public.

36.     CSXT's safe railroad operations require maintenance of the tracks that will result in raising the tracks at the crossings by a few inches.

37.     The City has declared its belief that the 1966 Ordinance and 1979 Agreed Order prohibit CSXT from raising the tracks at the crossings.

38.     The City has declared its intention, using local and state law enforcement, to prohibit CSXT from engaging in maintenance which would raise the tracks at the crossings.

39.     The City is without legitimate legal authority to prohibit CSXT from raising its tracks, because ICCTA and the FRSA preempt enforcement of both the 1966 Ordinance and the 1979 Agreed Order.  In expressing the intention to enforce the 1966 Ordinance and 1979 Agreed Order, the City specifically seeks directly to restrict how CSXT manages, constructs, maintains, and operates its tracks, facilities and crossings.

40.     If the City is permitted to prohibit CSXT from raising its tracks, CSXT will face irreparable harm in that the inability to maintain and raise its tracks will substantially interfere with CSXT's ongoing railroad operations.

8

41.     In addition, if the City is permitted to prohibit CSXT from raising its tracks, the public will face irreparable harm in that the proposed maintenance activities are required in order to ensure safe railroad operations that could otherwise have potentially injurious impact on the public.

42.     Accordingly, CSXT is entitled to preliminary injunctive relief ordering and enjoining the City from enforcement of either the 1966 Ordinance or the 1979 Agreed Order or otherwise interfering with CSXT's railroad operations pending the conducting of these proceedings.

43.     Furthermore, upon conclusion of these proceedings, CSXT is entitled to injunctive relief permanently ordering and enjoining the City from any enforcement of either the 1966 Ordinance or 1979 Agreed Order or the undertaking of any other municipal or state law action which would seek to prevent CSXT from raising the tracks on the Railroad Property or otherwise interfere with CSXT's railroad operations.

44.     The issuance of the preliminary and permanent injunction requested herein would not cause any harm to others, and the public interest would be served by issuance of the injunctions.

WHEREFORE, having stated its claims against the Defendants, CSXT respectfully requests and prays for the following relief from the Court:

A.     Judgment in its favor on all counts herein;

B.     Costs and attorney's fees to the extent allowed by law;

C.     Equitable relief in the form of preliminary injunction requiring that the City during the pendency of these proceedings refrain from any action to enforce the 1966 Ordinance or 1979 Agreed Order or which would interfere with CSXT's railroad operations;

D.    Equitable relief in the form of a permanent injunction requiring that the City refrain from any enforcement of the 1966 Ordinance or 1979 Agreed Order or the undertaking of any other municipal or state law action which would seek to prevent CSXT from raising the tracks on the Railroad Property or otherwise interfere with CSXT railroad operations; and

E.    All other relief which this Court deems just and proper under the circumstances.

BOEHL STOPHER & GRAVES, LLP


/s/ Rod D. Payne
Rod D. Payne
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone:  (502) 589-5980
Fax:  (502) 561-9400
rdpayne@bsg-law.com
COUNSEL FOR PLAINTIFF,
CSX TRANSPORTATION, INC.

## VERIFICATION

STATE OF _____ )
                                             ) SS:
COUNTY OF _____ )

I, _Wayne Roberts Jr_ being first duly sworn and cautioned, state:

1. That I am _Wayne Roberts Jr_ of CSX Transportation Inc., the Plaintiff in the above-captioned case, filed in the United States District Court for the Western District of Kentucky, Owensboro Division.

2. That I have read the above-captioned Complaint, and that the statements of fact set forth in it are true and correct to the best of my knowledge.

3. Further affiant sayeth naught.

_____

STATE OF Kentucky )
                                )   :ss
COUNTY OF Hopkins )

BEFORE ME, a Notary Public in and for said County and State, appeared the above-named _Wayne Roberts JR_ who acknowledged that he did sign the foregoing instrument and that the same is his free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal on this _11th_ day of _October_, 2017.

_____
Notary Public

My Commission expires: _6-26-2021_

1610808.1